```
FRANK N. DARRAS #128904, Frank@DarrasLaw.com
SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
PHILLIP S. BATHER #273236, PBather@DarrasLaw.com
```

**DarrasLaw**

3257 East Guasti Road, Suite 300
Ontario, California 91761-1227
Telephone:   (909) 390-3770
Facsimile:   (909) 974-2121

Attorneys for Plaintiff
AMANDA SPEER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA SPEER,<br><br>Plaintiff,<br><br>vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and, INSIGHT DIRECT USA, INC. LONG TERM DISABILITY PLAN,<br><br>Defendants. | Case No:<br><br>COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |

Plaintiff alleges as follows:

1.  This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* (hereafter "ERISA") as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

2.  The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. § 1391(b)(2), and the

ends of justice so require.

3. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff is informed and believes, and thereon alleges that Defendant INSIGHT DIRECT USA, INC. LONG TERM DISABILITY INSURANCE PLAN ("Plan") is an employee welfare benefit plan established and maintained by Insight Direct USA, Inc. to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, Amanda Speer ("Plaintiff" or "Ms. Speer"), with income protection in the event of a disability, and is the Plan Administrator.

5. Plaintiff alleges upon information and belief that Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

6. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that defendant PRUDENTIAL, which fully insured the policy and which is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about May 13, 1901, PRUDENTIAL has been registered as a corporation with the State of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

7. At all relevant times Plaintiff was a citizen of the United States, an employee of Insight Direct USA, Inc., its successors, affiliates and/or subsidiaries, and a participant in the Plan.

8. Based upon information and belief, Plaintiff alleges that at all relevant times herein Plaintiff was covered under group disability policy number G-52071-AZ (the "Policy") that had been issued by Defendant PRUDENTIAL to Insight Direct USA, Inc. to insure its Plan, and the eligible participants and beneficiaries of the Plan, including

Plaintiff.

9. Based on information and belief, Plaintiff alleges that the subject Policy promised to pay Plaintiff monthly Long Term Disability benefits for a specified period of time should she become disabled. Therefore, PRUDENTIAL both funds benefits and decides whether claimants will receive benefits under the Plan and, as such, suffers from a structural conflict which requires additional skepticism.

10. The Plan defines "Disability" or "Disabled" as follows:
- Through the Elimination Period and first 24 months of benefit payments:
  - You are unable to perform the Material and Substantial Duties of your regular occupation due to your sickness or injury; and
  - You are under the regular care of a doctor; and
  - You have a 20% or more loss in your monthly earnings due to that sickness or injury.
- After 24 months of benefit payments:
  - You are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training, or experience; and
  - You are under the regular care of a doctor.
- Material and Substantial Duties mean duties that:
  - Are normally required for the performance of your regular occupation; and
  - Cannot be reasonably omitted or modified.
- Elimination Period: 90 Days
- Monthly Benefit: 60% of your monthly earnings, but not more than the Maximum Monthly Benefit
- Maximum Monthly Benefit: $10,000

11. Prior to her disability under the plan, Ms. Speer was employed by Insight

Services USA, Inc. as a Software Licensing Consultant.

12. On or about June 4, 2019, Plaintiff became disabled under the terms of the Plan due to pain and fatigue from impingement syndrome of the right shoulder, cervical spine disorders, and fibromyalgia.

13. On or about June 13, 2019, Amber Collier, an Advanced Registered Nurse Practitioner ("NP Collier") who has treated Plaintiff since 2019, completed a Certification of Health Provider in regards to Plaintiff's condition. NP Collier stated that Plaintiff's primary symptoms included fatigue, weakness, tremor, and joint pain. NP Collier recommended that Ms. Speer not return to work.

14. On or about July 17, 2019, NP Collier stated that Plaintiff's symptomatology had not improved and Plaintiff's condition worsened since her last report. Ms. Speer was now described as having difficulty getting out of bed as a result of her symptoms. Medication management was also mentioned to be difficult, with hallucinations mentioned as a previous side effect.

15. On or about August 15, 2019, Neurologist Daniel Fayard, M.D. examined Plaintiff, and determined that Ms. Speer was so ill that she is unable to drive as a result of her impairments.

16. On or about November 14, 2019, NP Collier composed a letter regarding Plaintiff's restrictions and limitations. Ms. Collier stated that Ms. Speer's symptomatology included extreme fatigue, dizziness, weakness, nausea, twitching, and seizure activity. Plaintiff was also reported to be unable to perform daily tasks, including any duties that relate to her regular occupation.

17. On or about December 19, 2019, NP Collier again stated that Plaintiff was unable to work as a result of her symptoms. Positive clinical findings of edema and pain of the right lower extremity along with generalized joint pain and weakness were documented at this encounter as well.

18. On or about March 26, 2020, Plaintiff began treatment with Jeffrey Butler, M.D., a specialist in Rheumatology. Dr. Butler acknowledged Ms. Speer's history of

1  fibromyalgia, noting that it was her primary source of pain and fatigue.  Labs were
2  ordered.
3       19.   On or about April 17, 2019 results of Plaintiff's bloodwork showed the
4  following objective medical evidence of her disability: positive ANA at 1:160 in a
5  speckled pattern; and antithyroglobulin antibodies were positive at 74.3 units.
6       20.   On or about May 7, 2020, Dr. Butler met with Plaintiff to review her labs.
7  Dr. Butler noted that the patient had been noted to be ANA negative on multiple
8  occasions in the past, but earlier this year she was found to have a positive ANA. She
9  presented with increasing fatigue, neck pain, back pain, and arthralgias. Dr. Butler
10 opined that the patient is likely exhibiting early features of an autoimmmune disorder.
11 Hydroxychloroquine 400mg p.o. q.d. was initiated.
12      21.   On or about July 21, 2020, Dr. Butler commented that Plaintiff's new
13 prescription of Hydroxychloroquine had reduced cramping in her hands and feet;
14 however, Plaintiff continued to have disabling fatigue and the medication was causing
15 severe gastrointestinal side effects.  Plaintiff was ordered to avoid repetitive activity,
16 which would aggravate the pain in her left and right shoulders.
17      22.   On or about August 19, 2020, Plaintiff was examined by Marissa
18 Armstrong, D.N.P., a Doctor of Nursing, subsequent to a multi-vehicle accident where
19 Ms. Speer's car was rear-ended.  Plaintiff reported headaches, and pain in her neck and
20 right hip subsequent to the accident.  Examination by Nurse Armstrong revealed
21 tenderness from C3 to C5 and paraspinal muscles, significant tenderness to palpation
22 of the sciatic notch, and limited range-of-motion with flexion.
23      23.   On or about August 24, 2020, Plaintiff began treatment with Daniel
24 Chamberlain, D.C. Dr. Chamberlain reported that Ms. Speer was constantly
25 experiencing moderately severe pain in her lower back, and moderate pain in her upper
26 back and neck.  Diminished range-of-motion and muscle spasm throughout Plaintiff's
27 cervical and lumbar spine were also reported.
28      24.   On or about September 4, 2020, NP Collier responded to several

questions regarding Plaintiff's functional capacity. NP Collier opined that Ms. Speer was not capable of performing Sedentary Work as she was still experiencing significant fatigue, tremors, and nausea. These symptoms were noted to interfere with her ability to focus, concentrate, complete tasks in a timely manner, and maintain consistent attendance. NP Collier also indicated that Plaintiff's symptomatology had not significantly improved since she ceased working in June 2019.

25. On or about January 21, 2021, NP Collier met with and examined Plaintiff. NP Collier reported that Ms. Speer's existing symptomatology was still present, and continued to interfere with her activities of daily living as her symptoms frequently and randomly flare up. NP Collier opined that Plaintiff was unable to perform any meaningful job duties.

26. PRUDENTIAL unreasonably and unlawfully denied Plaintiff's long-term disability benefits on November 5, 2019. PRUDENTIAL subsequently upheld its unreasonable and unlawful denial on February 3, 2020, and on May 11, 2021.

27. According to PRUDENTIAL's denial letters:

- **November 5, 2019:** "Based on the review of the file, we find that your only restrictions and/or limitation would be driving and this would not preclude you from your regular occupation. […] If you disagree with this decision you have the right to appeal." This is false as Plaintiff's treatment providers documented loss of activities of daily living, not just a loss of her ability to work in her own occupation. Plaintiff timely appealed.
- **February 3, 2020:** "We have determined our decision was appropriate and have upheld our decision to disallow your claim for LTD benefits. […] You may again appeal this decision to Prudential's Appeals Review Unit for a final decision." Plaintiff again timely appealed.
- **May 11, 2021:** "We have determined that our decision was appropriate and have upheld our decision to deny Amanda Speer's

claim for LTD benefits. [...] This decision is final and cannot be appealed further to Prudential. If you still disagree with the above decision, you may file a lawsuit under the Employee Retirement Income Security Act (ERISA)."

28. Based on the substantial medical evidence in the possession of PRUDENTIAL at the time of the denial, the decision to deny disability insurance benefits was wrongful, unreasonable, irrational, sorely contrary to the evidence, contrary to the terms of the Plan, and contrary to law. Further, Defendant PRUDENTIAL's denial decision and actions heighten the level of skepticism with which a court views a conflicted administrator's decision under *Abatie v. Alta Health & Life Insurance Co.*, 458 F.3d 955 (9th Cir. 2006) and *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2342 (2008).

29. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, §1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators provide a full and fair review of claim denials, §1133(2); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, *see* §1132(a)(1)(B).

30. As a direct and proximate result of PRUDENTIAL's failure to provide Plaintiff with disability benefits, Plaintiff has been deprived of said disability benefits since on or about September 3, 2019, to the present date.

31. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees to pursue this action, and is entitled to have such fees paid by Defendant pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

32. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that she

meets the Plan definition of disability and consequently she is entitled to all benefits from the Plan to which she might be entitled while receiving disability benefits including, but not limited to, reimbursement of all expenses and premiums paid for such benefits from the termination of benefits to the present.  In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claim consistent with the terms of the Plan.

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about September 3, 2019, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which she might be entitled while receiving disability benefits , with reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining that Plaintiff is entitled to future payments so long as she remains disabled as defined in the Plan;

3. For reasonable attorney fees incurred in this action; and

4. For such other and further relief as the Court deems just and proper.

Dated:  October 22, 2021

DarrasLaw

_____
FRANK N. DARRAS
SUSAN B. GRABARSKY
PHILLIP S. BATHER
Attorneys for Plaintiff
AMANDA SPEER